PER CURIAM.
These disciplinary proceedings by The Florida Bar against Ralph S. Sterling, a member of The Florida Bar, are presently before us on complaints of The Florida Bar and report of the referee. Pursuant to article XI, Rule 11.06(9)(b) of the Inte *1065 gration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Integration Rule of The Florida Bar 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
CASE NO. 65,564
COUNT I
On or about April 23,1982, Respondent received $2,594.50 from a real estate transaction, to be held in trust for the Ed Schlitt Agency, Inc. Respondent issued his trust account check in that amount to the Ed Schlitt Agency, Inc., but said check was returned for insufficient funds. After repeated attempts to contact the Respondent failed, the Ed Schlitt Agency retained an attorney.
On May 25, 1982, the attorney for Ed Schlitt Agency received a wire transfer of $1,000 in its trust account from the Respondent. On the same date, the attorney received a cashier’s check in the amount of $1,000, with a letter saying the balance due would soon follow. The balance of $594.50 was not paid.
Between January 1982 and August 1983, the Respondent repeatedly overdrew funds from his trust account. On August 8, 1983, respondent’s trust account was closed with a balance due the bank of $467.
CASE NO. 65,564
COUNT II
On December 16, 1982, the Respondent was paid $285 by Dr. Steven Rindley to file a lawsuit on his behalf. The respondent never filed the lawsuit, never returned the money or documents and had no contact with the client since the date the client retained him.
CASE NO. 66,887
On September 29, 1982, the Respondent was named to represent the Surety in a guardianship case, for the purpose of co-signing checks issued on the guardianship account. The check book remained in possession and control of the Respondent. The Respondent mishandled the funds in the guardianship account, and it became overdrawn in the amount of $968.33.
Between April 15,1983, and September 28, 1983, the Respondent issued 15 checks, made payable to himself, amounting to $4,725 and forged or caused to be forged the signatures of the guardian on said checks.
On December 13, 1983, the guardian’s attorney talked with the Respondent about the missing money, and on December 14, 1983, the Respondent made an unexplained deposit of $4,000 to the guardianship account. The Respondent moved from the area and had no further contact with the guardian or her attorney. The guardian received $725 less than was due her.
The referee recommends that respondent be found guilty of violating Disciplinary Rules 6-101(A)(3), 1-102(A)(3), 1-102(A)(4), 1-102(A)(6) and article XI, Rule 11.02(4) of the Integration Rule of The Florida Bar and that the respondent be disbarred.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Ralph S. Sterling, is hereby disbarred from the practice of law in the State of Florida effective December 23, 1985, thereby giving respondent thirty (30) days to close out his practice and take the necessary steps to protect his clients. Respondent shall accept no new business.
Judgment for costs in the amount of $722.35 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.